IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**AARON CARTER,**

    Petitioner,

v.                                                               Civil Action No. **3:18CV775**

**HAROLD W. CLARK,**

    Respondent.

**MEMORANDUM OPINION**

Aaron Carter, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254. Following a bench trial in the Circuit Court for the City of Virginia Beach ("Circuit Court"), Carter was found guilty of indecent liberties with a child under the age of fifteen, indecent liberties with a child while in a custodial or supervisory relationship, forcible sodomy of a victim under the age of thirteen, and two counts of aggravated sexual battery of a victim under the age of thirteen. (ECF No. 13–1, at 1; *see* ECF No. 13–2, at 1.) The Circuit Court sentenced Carter to an active sentence of 15 years of imprisonment. (ECF No. 13–1, at 2.)

Carter contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim One | Trial counsel was ineffective for failing to utilize DNA testing to suggest that another man who lived with the victims was the perpetrator of the crimes. (ECF No. 1, at 5.)[1] |
| Claim Two | The Circuit Court violated Carter's right to due process when it permitted Tyree Jefferson's perjured testimony. (*Id.* at 7.) |
| Claim Three | The prosecution and its witnesses conspired and engaged in a "malicious prosecution," designed to deprive Carter of his constitutional rights. (*Id.* at 8.) |

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Carter's submissions.

Claim Four    The prosecution committed fraud upon the Circuit Court. (*Id.* at 10.)

Respondent moves to dismiss on the grounds that Claims Two through Four are procedurally defaulted and Claim One lacks merit. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Carter has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

## I. PROCEDURAL HISTORY

Following his conviction in the Circuit Court, Carter appealed to the Court of Appeals of Virginia. On appeal, Carter asserted that the evidence was "insufficient to support his indecent liberties with a child under the age of fifteen, indecent liberties with a child while in a custodial or supervisory relationship, forcible sodomy of a victim under the age of thirteen, and two counts of aggravated sexual battery of a victim under the age of thirteen." (ECF No. 13–2, at 1.) In rejecting those challenges, the Circuit Court aptly summarized the evidence of Carter's guilt as follows:

> J.F. lived in her mother's residence with her mother, her father, her stepbrother, her three children, and appellant. She testified that she also frequently baby-sat other children while at the residence. J.F. recounted that on May 22, 2014, her oldest daughter informed her that appellant had sexually assaulted her youngest daughter the previous night. The victim testified appellant got into her bed with her and touched her breasts, buttocks, and vagina. The victim's sister confirmed appellant had entered the room that night and had gotten into bed with the victim. The victim's sister saw appellant's hands moving beneath the covers and heard the victim telling appellant to stop. The victim's sister removed her sister from the bed and forced appellant to leave the room. The victim then told her sister what had occurred. The victim also reported the incident to her grandmother.
> 
> L.G. testified he was friends with J.F. and that J.F. sometimes would baby-sit his four children at her home when appellant was present. After learning of the incident with J.F.'s daughter, L.G. spoke with his own daughter who explained she had been involved in a similar incident with appellant. L.G.'s daughter testified appellant touched and licked her vagina and buttocks and threatened to hit her if she told anybody. She explained the unwanted touchings happened multiple times both at J.F.'s house and at her own house. The victim's cousin confirmed the victim reported the incidents to her and indicated that on numerous occasions appellant had locked himself in a room with the victim. On one such occasion, when the victim left the room, her pants were unzipped. Tyree Jefferson was incarcerated

2

>   with appellant. He testified appellant admitted having sexually assaulted the children. He specifically named J.F.'s daughter as one of his victims.
>
>   . . . .
>   In this case, the victims gave detailed accounts of the events and specifically identified appellant as the perpetrator. Both victims testified they understood the importance of testifying truthfully, and the trial court found the witnesses to be credible. The victims' accounts were corroborated in part by the testimony of other witnesses and by the evidence of appellant's admissions. The record supports the trial court's credibility determination. The victims' testimony established appellant committed the offenses. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of indecent liberties with a child under the age of fifteen, indecent liberties with a child while in a custodial or supervisory relationship, forcible sodomy of a victim under the age of thirteen, and two counts of aggravated sexual battery of a victim under the age of thirteen.

(ECF No. 13–2, at 1–2, 3.) Thereafter, Carter pursued a further appeal to Supreme Court of Virginia. (*Id.* at 6.) On November 21, 2017, the Supreme Court of Virginia refused Carter's petition for appeal. (*Id.*)

On December 29, 2016, Carter filed a petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus 1, *Carter v. Dir., Dep't of Corr.*, No. CL16–5750 (Va. Cir. Ct. filed Dec. 29, 2016.) In that petition, Carter raised the following claims:

(I)   The trial court erred in submitting the evidence for indecent liberties with a child [under 15] because the evidence was insufficient as a matter of law to prove that [Carter] committed the offense of indecent liberties [under 15].

(II)  The trial court erred in submitting the evidence for sodomy of a victim less than 13 years of age because the evidence was insufficient as a matter of law to prove that [Carter] committed the offense of sodomy with a victim less than 13 years of age.

(III) The trial court erred in submitting the evidence for aggravated sexual battery of a victim less than 13 years of age because the evidence was insufficient as a matter of law to prove that [Carter] committed the offense of aggravated sexual battery with a victim less than 13 years of age.

(IV)  The trial court erred in submitting the evidence for indecent liberties with a child [custodial] because the evidence was insufficient as a matter of law to prove that [Carter] committed the offense of indecent liberties with a child [custodial].

(V)   The trial court erred in submitting the evidence for aggravated sexual battery of a victim less than 13 years of age because the evidence was

> insufficient as a matter of law to prove that [Carter] committed the offense of aggravated sexual battery with a victim less than 13 years of age.

(ECF No. 13–3, at 2 (alterations in original).) The Circuit Court found Carter's claims were barred from consideration in habeas, because they involved "matters that could have been raised at trial and pursued on direct appeal." (*Id.*) Carter did not appeal that decision. (ECF No. 13, at 2.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner

must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

5

miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust his claims, Carter was required to present properly his claims to the Supreme Court of Virginia. Carter failed to raise any of his claims on direct appeal or in a state habeas petition before the Supreme Court of Virginia. If Carter now attempted to raise Claims Two through Four in the Supreme Court of Virginia in a habeas petition, they would be barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Carter could have raised, but failed to raise, these claims on direct appeal. *Slayton* constitutes an adequate and independent procedural rule when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Claims Two through Four are procedurally defaulted. With respect to Claims Two and Three, the Court generously construes Carter to suggest the ineffective assistance of counsel constitutes cause to excuse his default.[3] Those assertions lack merit for the reasons discussed below. *See infra* Part II.B. Accordingly, Claims Two through Four will be DISMISSED.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S.

---

[3] In response to the questions on the standardized form, wherein Carter is asked why he did not raise Claim Two and Three on direct appeal, Carter makes passing references to the ineffective assistance of counsel. (ECF No. 1, at 7–9.) Carter fails to suggest any cause for excusing Claim Four.

6

at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Claim One

In Claim One, Carter faults counsel for failing to utilize DNA tests to cast blame on a third party, Daniel Watt, who also lived in the residence where Carter had assaulted J.F.'s daughter. (ECF No. 1, at 5.) In support of this contention, Carter points to a certificate of analysis of a SpongeBob blanket recovered from the bedroom where the assault on J.F.'s daughter occurred. (ECF No. 1–1, at 2.) The certificate reflects that although spermatozoa were found on the blanket, Carter was not a "major contributor to this DNA mixture profile." (*Id.*)

Both the victims unequivocally identified Carter as the perpetrator of the inappropriate sexual touching. Numerous other witnesses provided corroborating testimony regarding the victim's accounts. For example, J.F.'s oldest daughter confirmed that Carter had gotten into bed with her younger sister and she then heard her younger sister tell Carter to stop. (Nov. 30, 2015 Tr. 32–34.) Given the testimony at trial, there is no possibility that introduction of the certificate of analysis would have resulted in Carter's acquittal. Accordingly, Claim One will be DISMISSED.

### B. Cause for the Default of Claims Two and Three

In Claim Two, Carter contends that the Circuit Court violated his constitutional rights when it permitted Tyree Jefferson to testify to Carter's admissions to the crimes. In Claim Three, Carter

contends that the prosecution and its witnesses conspired and engaged in a "malicious prosecution," designed to deprive Carter of his constitutional rights. (ECF No. 1, at 8.) Carter fails to coherently explain how counsel could successfully have objected to Jefferson's testimony. Moreover, no evidence exists of conspiracy to maliciously prosecute Carter. Specifically, there is no evidence showing that Carter was prosecuted based on his race, or that the prosecutor's conduct or remarks prejudiced Carter's rights so as deprive Carter of a fair trial. Thus, counsel reasonably refrained from raising these frivolous claims at trial and on appeal. Carter fails to demonstrate deficiency or prejudice, or any basis for excusing his default of Claims Two and Three.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Carter's claims will be DISMISSED, and his § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: March 20, 2020
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Carter fails to meet this standard.